UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE WASHINGTON,

                    Plaintiff,

v.

MACOMB COUNTY, et al.,

                    Defendants.

_____/

Case No. 2:20-cv-10149

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING MOTION TO EXTEND TIME [19] AND GRANTING MOTION FOR SUMMARY JUDGMENT [21]

Plaintiff Willie Washington, a Michigan prisoner, filed a pro se complaint under 42 U.S.C. § 1983 against Macomb County and numerous Macomb County Jail officials. ECF 1. Plaintiff claimed that some Defendants committed an assault and battery and that other Defendants committed medical malpractice. *Id.* at 4. Plaintiff alleged that the actions and omissions of Defendants, through deliberate indifference, violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id.*

## BACKGROUND

Beginning in January 2018, Plaintiff was held at the Macomb County Jail pending trial. *Id.* at 10. When the medical staff conducted their intake procedures for Plaintiff, he informed certain nurses that he had a heart condition and high blood pressure. *Id.* Plaintiff requested that the nurses contact his pharmacy so that they could confirm several prescriptions Plaintiff had been taking. *Id.* Plaintiff alleged

that at first the medical staff did not provide him with any medication, but that after a few days one of the nurses provided him with medication that differed from the medication Plaintiff had been taking before his incarceration. *Id.* at 11. Plaintiff claimed that despite his repeated objections and his unusually high blood pressure, he was provided the same medication for the next three months. *Id.* at 11–14.

Then, on May 2, 2018, Plaintiff fell ill and could hardly move. *Id.* at 14–15. When a doctor examined Plaintiff, the doctor discovered that Plaintiff's heart rate had dropped to thirty-seven. *Id.* at 15. After being taken to an emergency room, a cardiac specialist examined Plaintiff. *Id.* at 16. Plaintiff alleged that the specialist told him the medication the jail's medical staff had provided him caused his heart rate to drop and that one of Plaintiff's arteries was clogged. *Id.* And upon Plaintiff's return to the Macomb County Jail, Plaintiff alleged that four officers physically assaulted him and called him a racial slur. *Id.*

According to the complaint, the alleged assault occurred before May 11, 2018. *Id.* at 22. A Jail Incident Report from the Macomb County Sheriff's Office reveals that the incident prompting the allegations likely occurred on May 7, 2018. ECF 21-2, PgID 130–34. Plaintiff claimed that as a result of the assault, his next blood pressure reading was high enough that he was in danger of suffering a heart attack. ECF 1, PgID 17.

The complaint, ECF 1, named several nurses and doctors as unknown Defendants along with Macomb County and a handful of unknown jail deputies allegedly involved in the assault. *Id.* at 9. The Court initially screened the complaint

and dismissed the medical malpractice allegations as "non-cognizable in a § 1983 action." ECF 5, PgID 43, 45. The assault allegations remained. *Id.* at 45.

Later, the Court ordered Macomb County to provide the names of the unknown jail officials involved in the alleged assault. ECF 8, PgID 58. Macomb County responded on the docket with a list of five deputies involved in the incident that led to the allegations, four of whom the County still employed when the response was filed. ECF 13, PgID 68.

The Court then construed a filing by Plaintiff, ECF 17, as a motion for leave to amend the complaint to add the five deputies as Defendants in place of the John Doe placeholders. ECF 18. The Court granted the motion for leave to amend and required Plaintiff to file an amended complaint within three weeks. *Id.* On May 13, 2021, Plaintiff moved for an extension of time to file an amended complaint. ECF 19. Defendants opposed the motion and moved for summary judgment. ECF 20; 21. Plaintiff did not respond to the summary judgment motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), courts must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of [the] case with respect to which [the nonmoving party] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if a dispute over the fact "might affect the outcome of the

suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a genuine dispute exists over such facts when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 507 (6th Cir. 2021) (quoting *Anderson*, 477 U.S. at 249).

### DISCUSSION

The Court will first deny the motion for an extension of time to file an amended complaint and dismiss the remaining Doe Defendants. After, the Court will grant the unopposed motion for summary judgment. Because Plaintiff is in custody, the Court need not hold a hearing on either motion. E.D. Mich. L.R. 7.1(f)(1).

I.    <u>Motion to Extend Time to File an Amended Complaint</u>

Plaintiff filed the motion to extend time to file an amended complaint on May 13, 2021. ECF 19. Defendants responded that because the limitations period had expired, Plaintiff could no longer proceed with an action against the five deputies even if he filed an amended complaint that named them. ECF 20. In § 1983 cases, the applicable limitations period is the state limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Michigan, where the events giving rise to the present complaint took place, the limitations period is three years. Mich. Comp. Laws § 600.5805(2); *see also Owens v. Okure*, 488 U.S. 235, 249–50 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (using the three-

4

year limitations period in Mich. Comp. Laws § 600.5805). Documents show that the alleged assault occurred on May 7, 2018. ECF 21-2, PgID 130–34. And regardless of those materials, Plaintiff's complaint alleged the assault occurred no later than May 11, 2018. ECF 1, PgID 22. Plaintiff filed the original complaint within the three-year limitations period. ECF 1. But the Doe Defendants were never named. Any amended complaint that names the Doe Defendants, even if lodged simultaneously with Plaintiff's motion for an extension of time on May 13, 2021, would be filed after the limitations period expired. *See generally id.*; ECF 19. Although the Court first granted Plaintiff leave to file an amended complaint so that Plaintiff could name the Doe Defendants, the Court's order was issued before the three-year limitations period expired. ECF 18. The Court must now evaluate whether extending time to allow Plaintiff to amend the complaint to add the deputies as named Defendants is futile in light of the statute of limitations. If futile, the Court must deny the motion for an extension of time and dismiss the Doe Defendants.

Whether amendment of the complaint to add the deputies as named Defendants is futile depends on whether the amended complaint would relate back to the date of the original complaint under Rule 15(c)(1)(C). The Rule states that an amendment that changes a party or the name of a party relates back only if the party both "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.* Although the relation-back doctrine would seemingly apply here, "the Sixth Circuit has expressly

concluded that a plaintiff who files a § 1983 claim against unnamed John Doe defendants within the relevant statute of limitations, but then seeks to amend that complaint with those defendants' actual names after the statute of limitations has run is time-barred from doing so." *Cross v. Carmona*, No. 15-14254, 2018 WL 1535393, at *5 (E.D. Mich. Mar. 29, 2018) (emphasis omitted) (Berg, J.) (citing *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012); *Brown v. Cuyahoga Cnty.*, 517 F. App'x 431 (6th Cir. 2013)). Under Sixth Circuit precedent, "an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)." *Brown*, 517 F. App'x at 433–34 (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). While a mistake allows for substitution of the parties, Plaintiff's present proposed amendment constitutes an actual change of the parties. ECF 17. And "[t]he relation-back protections of Rule 15(c) were not designed to correct that kind of problem." *Smith*, 476 F. App'x at 69 (citations omitted). At the end of the day, "[t]he Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants[,]' or other missing appellations." *Id.*

Plaintiff stated three reasons that the Court should grant the motion for an extension of time to file an amended complaint. First, Plaintiff had limited access to the resources necessary to prepare and file an amended complaint because of the COVID-19 pandemic. ECF 19, PgID 96. Second, Plaintiff wanted surveillance footage of the incident before filing an amended complaint. *Id.* And third, Plaintiff wanted photographs of the deputies before filing an amended complaint so that he could prepare a complaint with precise allegations. *Id.*

But none of Plaintiff's arguments undercut the Sixth Circuit's reasoning because they do not affect the "absence of knowledge" versus "mistake" analysis. *Brown*, 517 F. App'x at 433–34; *see Smith*, 476 F. App'x at 69. In fact, Plaintiff's latter two reasons both reflect that Plaintiff had no knowledge as to the identities of the Doe Defendant deputies when the original complaint was filed, rather than being only mistaken about their identities. *See* ECF 19, PgID 96. And Plaintiff filed the motion a day after the three-year limitations period expired. ECF 19. Under Sixth Circuit precedent, Plaintiff would not be able to properly bring suit in an amended complaint against the deputies that were originally listed as Doe Defendants. Any amendment is therefore futile. As a result, the Court will deny the motion to extend time to file an amended complaint, ECF 19, and dismiss the remaining Doe Defendants. Application of the relation-back doctrine is severe but mandated by Sixth Circuit precedent in *Brown* and *Smith*.

II.   <u>Motion for Summary Judgment</u>

The only remaining Defendant is Macomb County. And the only claim remaining against Macomb County is the § 1983 claim stemming from the alleged assault. *See* ECF 5, PgID 43, 45 (dismissing claims against Macomb County related to inadequate medical care and medical malpractice as non-cognizable under § 1983). Macomb County moved for summary judgment on the remaining claim. ECF 21.

Municipal entities are only liable under § 1983 if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts [an] injury." *Monell v. Dep't of*

*Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978). In general, three circumstances expose municipal entities to liability. First, when a municipal entity promulgates an official policy that is unconstitutional. *Id.* at 690. Proof of a single incident of unconstitutional conduct may be enough to subject a municipality to liability if the conduct was caused by an official unconstitutional policy promulgated by a municipal policy maker. *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Second, when a municipal entity has a policy that is facially constitutional, but there is a custom or practice of unconstitutional conduct. *Id.* at 822–24. Under those circumstances, "considerably more proof than [a] single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *Id.* at 824 (footnotes omitted). And third, when an individual with final decision-making authority acts in an unconstitutional manner, even if the act is a single decision. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–84 (1986).

Plaintiff offered no evidence that showed Macomb County had an unconstitutional policy that led to the alleged assault. Plaintiff also offered no evidence that showed an individual with final decision-making authority acted to deprive Plaintiff of his constitutional rights. And no evidence of a custom or practice of unconstitutional conduct exists, except for Plaintiff's single alleged assault. ECF 1. Because "considerably more proof than [a] single incident" is required under a custom or practice theory of municipal liability and there is no genuine dispute of material fact, Plaintiff's claim against Macomb County fails as a matter of law. *Tuttle*, 471

U.S. at 824; *see also Celotex Corp.*, 477 U.S. at 323. The Court will therefore grant Defendant's motion for summary judgment. ECF 21.

## CONCLUSION

The Court has now dismissed all Defendants listed in Plaintiff's complaint. *See* ECF 5, PgID 45. This is therefore a final order that closes the case. The Court will grant Plaintiff leave to appeal in forma pauperis because he can take an appeal in good faith. *See* 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to extend time to file an amended complaint [19] is **DENIED**.

**IT IS FURTHER ORDERED** that all remaining Doe Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 27, 2022

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 27, 2022, by electronic and/or ordinary mail.

s/ David P. Parker    
Case Manager
