UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE WASHINGTON,

          Plaintiff,

v.

JOHN DOE, et al.,

          Defendants.

Case No. 2:20-cv-10149

HONORABLE STEPHEN J. MURPHY, III

_____/

**ORDER UPON REMAND**

Plaintiff Willie Washington sued Defendants Macomb County and several John Does for deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment, assault and battery, and medical malpractice. ECF 1, PgID 2–4. The Court ordered the Marshals Service to serve the complaint and summons on Defendant Macomb County in February 2020. ECF 5. But the Marshals Service did not serve Defendant Macomb County until April 1, 2021. *See* ECF 14, PgID 70.

After it was served, Defendant Macomb County provided almost immediately—on April 8, 2021—the names and contact information[1] of the five John Does. ECF 13, PgID 68. Just one week later, on April 15, 2021, Plaintiff filed an "addendum to complaint" that named all five John Does (Addendum). ECF 17. The

---

[1] Defendant Macomb County was unable to provide an address for Defendant Ryan Staetler, whose employment was terminated in March 2019, more than two years before service was consummated. ECF 13, PgID 68.

1

Addendum was not docketed until April 28, 2021, but Defendant Macomb County answered the original complaint on April 19, 2021. ECF 15. The Court liberally construed the Addendum as a motion to amend Plaintiff's complaint and ordered Plaintiff to file an amended complaint no later than May 19, 2021. ECF 18, PgID 95. Plaintiff did not file an amended complaint. Instead, he moved on May 13, 2021 to extend his time to file a complaint. ECF 19. Meanwhile, Defendant Macomb County opposed Plaintiff's motion to extend time and moved for summary judgment. ECF 20; 21. The Court denied Plaintiff's motion to extend time and granted summary judgment to Defendant Macomb County because "[a]ny amendment [to Plaintiff's complaint] is [] futile" since the limitations period on Plaintiff's claims had run, and "[u]nder Sixth Circuit precedent, Plaintiff would not be able to properly bring suit in an amended complaint against the deputies that were originally listed as Doe Defendants." ECF 22, PgID 142.

Plaintiff appealed the Court's order dismissing his claims against the five John Does. ECF 24. And the Sixth Circuit reversed the Court's dismissal of the claims against the John Does.[2] ECF 26. The Court of Appeals found that "[l]iberally construed, [] [Plaintiff's] motion to extend the time to file an amended complaint presented equitable-tolling arguments in substance if not name." *Id.* at 154. The Sixth Circuit thus vacated the Court's order granting summary judgment and

---

[2] The Sixth Circuit held that "[Plaintiff's] municipal liability claims against [Defendant] Macomb County are deemed abandoned" because he "fail[ed] to raise [them] on appeal." ECF 26, PgID 152–53. Thus, the Court will order the Clerk of the Court to dismiss Defendant Macomb County from the case.

2

remanded the case so that the Court may "analyze and rule on equitable tolling in the first instance" as to the five Doe Defendants. *Id.* at 155. The Sixth Circuit dictated that "the [C]ourt should also consider the extent to which [Plaintiff's] efforts to exhaust his [S]tate remedies may have tolled the limitations period."[3] *Id.* (citation omitted).

After review of the case, the Court finds that it was clear error to construe the Addendum as a motion to file an amended complaint. *See* ECF 17. The Addendum should have been construed as an amended complaint that incorporated the first docketed complaint by reference. For the reasons below, the Court will strike its prior order, ECF 18, construe the Addendum, ECF 17, as an amended complaint and also order service of it.

## LEGAL STANDARD

A party may "amend a pleading once as a matter of course within . . . [twenty-one] days after serving it." Fed. R. Civ. P. 15(a)(1)(A). And under Rule 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final] judgment." Courts have "significant discretion" under Rule 54(b) to review interlocutory orders when there is "a need to correct a clear error or prevent manifest

---

[3] The Court ordered the parties to provide supplemental briefing on the issue of equitable tolling and the extent to which Plaintiff's efforts to exhaust his State remedies tolled the limitations period. ECF 29. Defendants filed supplemental briefing, ECF 30. Plaintiff did not. Instead, Plaintiff filed a request to file an amended complaint. ECF 31. After the Court again ordered Plaintiff to provide supplemental briefing on the issue of equitable tolling, ECF 32, he complied, ECF 33.

3

injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 & n.7 (6th Cir. 2004) (citation omitted). And courts should deviate from their prior rulings when they find "some cogent reason to" do so. *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973) (citation omitted). If a court deviates from a prior ruling, it "may modify[] or even rescind" it. *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1992)). And courts revisit an interlocutory order "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citation omitted).

The Court is required to hold pleadings by pro se litigants "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). And "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). While the Sixth Circuit has not directly addressed the issue, the Eighth Circuit has held that when a first amended complaint is "intended to supplement, rather than to supplant, the original complaint, . . . [the] two amendments should [] be[] read together as constituting [the] complaint." *Kiir v. N.D. Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016). And other district courts have held that "[i]t would be unduly burdensome to require pro se prisoners . . . to rewrite by hand all of their factual allegations and legal claims each time they amend their pleadings. Thus, it has been a [] long-established practice to construe a prisoner's complaint and any amended complaints together, as one pleading." *Doering v. Hutchinson*, No. 2:19-cv-156, 2021 WL 1952714, at *2 (E.D. Ark. Apr. 22, 2021) (italics omitted), *report and*

4

*recommendation adopted sub nom.*, *Doering v. Griffin*, No. 2:19-cv-156, 2021 WL 1948847 (E.D. Ark. May 14, 2021); *see English. v. II Enterprises*, No. 19-12463, 2020 WL 32550, at *3 (E.D. Mich. Jan. 2, 2020) (finding that because "[p]laintiff intended only to clarify the party whom he intended to sue and not to completely supersede his prior filing . . . the Court finds that Plaintiff's amended complaint incorporates by reference his initial complaint.").

## DISCUSSION

The Court will first address whether the Addendum would have been timely filed if the Court had construed it as a first amended complaint. Then, the Court will discuss how it will construe the Addendum. Last, the Court will explain why sua sponte amendment of its prior order is necessary to prevent a manifest injustice.

I.  Timely Filed

The Marshals Service served the complaint on Defendants on April 1, 2021. ECF 14, PgID 70. Plaintiff filed the Addendum on April 15, 2021. ECF 17, PgID 91. If the Court were to construe the Addendum as a first amended complaint, the first amended complaint would be timely filed. *See* Fed. R. Civ. P. 15(a)(1)(A). Moreover, if the Court construed the Addendum as a first amended complaint, it would have been filed several weeks before the limitations period expired. *See* ECF 17; ECF 22,

5

PgID 140 (noting that the limitations period expired May 11, 2021).[4] Thus, under the limitations period and the federal rules, the Addendum would be a timely and properly filed first amended complaint.

## II.   First Amended Complaint

In the Addendum, Plaintiff stated that he "received the names of the [John Doe] [D]efendants." ECF 17, PgID 91. Plaintiff explained that because he had received the names and "d[ue] to the facts stated in the complaint . . . [he] would like to proceed with the complaint" he had filed. *Id.* Liberally construed, the Addendum is an amended complaint that inserted the names of the five John Doe officers[5] and incorporated the first complaint by reference. *See id.* "It would be unduly burdensome to require pro se prisoners to rewrite by hand all of their factual allegations and legal claims each time they amend their pleadings." *Doering*, 2021 WL 1952714, at *2

---

[4] The Sixth Circuit held that the May 11, 2021 "tolling date set by the district court was almost certainly too early, because a prisoner filing suit under § 1983 is entitled to tolling for the time during which he sought to exhaust his available State remedies." ECF 26, PgID 152 (alterations and citation omitted). But neither party adequately briefed the Court on Plaintiff's efforts to exhaust his available State remedies despite the Court's order that "the parties must brief the extent to which Plaintiff's efforts, if any, to exhaust his State remedies may have tolled the limitations period." ECF 29, PgID 161; *see* ECF 30; 31; 33. Plaintiff claimed that he filed a grievance, but he also stated that he never received a response from Defendant, and in turn, he filed no appeal from any response. ECF 33, PgID 179. Besides which, Plaintiff did not provide the Court with any documentation of his grievance or note the date of his grievance. The Court is therefore unable to determine the precise date the limitations period expired. Because Plaintiff filed the Addendum May 11, 2021, the Court will use that date as a placeholder. For now, the Court will not decide the precise date the limitations period expired. If the limitations period becomes relevant, the Court will order further briefing on the issue.

[5] Brandon Spezia, Thomas Bartoli, Semin Ibranovic, Jonathan Dominka, and Ryan Staetler.

6

(cleaned up). And reading the original complaint, ECF 1, and the Addendum, ECF 17, together does not lead to confusion. Indeed, the Addendum is clearly intended to supplement the first complaint by supplying the names of the five John Does. *See Kiir*, 651 F. App'x at 568; *English*, 2020 WL 32550. Plus, Plaintiff was entitled to amend his complaint "as a matter of course," without moving for leave of the Court, under Rule 15(a)(1)(A). The Court will therefore "construe [Plaintiff's] complaint and any amended complaints together, as one pleading." *Doering*, 2021 WL 1952714, at *2 (cleaned up).[6]

### III. Amendment of Previous Order

The Court clearly erred when it construed the Addendum as a motion to amend rather than as a first amended complaint. The Court's order, ECF 18, that misconstrued the Addendum as a motion to amend is a non-final order which "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). The Court may thus amend the erroneous order if it was issued in clear error

---

[6] Plaintiff's first amended complaint is not barred by Federal Rule of Civil Procedure 15(c)(1)(c) or the relation-back doctrine because, as discussed above, the limitations period expired no earlier than May 11, 2018, and Plaintiff filed his first amended complaint on April 15, 2021. Thus, while "the Sixth Circuit has expressly concluded that a plaintiff who files a § 1983 claim against unnamed John Doe defendants within the relevant statute of limitations, but then seeks to amend that complaint with those defendants' actual names after the statute of limitations has run is time-barred from doing so," that is inapplicable here because Plaintiff's first amended complaint was timely. *Cross v. Carmona*, No. 15-14254, 2018 WL 1535393, at *5 (E.D. Mich. Mar. 29, 2018).

and amending it is necessary to prevent a manifest injustice. *See Rodriguez*, 89 F. App'x at 959 & n.7; Fed. R. Civ. P. 8(e).

As described above, it was clear error to construe the first amended complaint, ECF 17, as a motion to amend. Thus, the Court may amend that order if doing so is necessary to prevent a manifest injustice. *See Rodriguez*, 89 F. App'x at 959 & n.7; Fed. R. Civ. P. 8(e). Amending the erroneous order is necessary to prevent a manifest injustice here because in it the Court ordered Plaintiff to file a first amended complaint by May 19, eight days after the limitations period expired. *See* ECF 18, PgID 95; ECF 26, PgID 153. And "[i]t was not unreasonable for [Plaintiff], proceeding without the aid of counsel and incarcerated with limited access to legal resources on account of the COVID-19 pandemic, to rely on a filing deadline set by the [C]ourt itself." ECF 26, PgID 153. Moreover, the Court's order did not account for the dilatory service of the first complaint. *See* ECF 18. Consequently, the order allowed Plaintiff to file his first amended complaint after the limitations period had ended, but it did not mention whether the limitations period should have been tolled. The labyrinthine timeline caused Plaintiff's whole case, which he was diligently prosecuting, to collapse.

In sum, the Court erroneously construed the Addendum as a motion to amend. To prevent a manifest injustice, the Court must strike its order. The Court will instead construe the Addendum, ECF 17, as a first amended complaint. The first amended complaint was filed April 15, 2021. ECF 17. In the interest of justice and because the delays were not the fault of Plaintiff, the Court will restart the clock for

8

the time to serve from the date this order issues. The Court will order the Marshals Service to serve the first amended complaint, ECF 1 and ECF 17, and a copy of this Order forthwith on Defendants Brandon Spezia, Thomas Bartoli, Semin Ibranovic, and Jonathan Dominka at their address as listed in ECF 13. The Court will issue another order about service on Ryan Staetler because Defendant Macomb County was unable to provide an address for him.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court must **STRIKE** the Court's case management order, [18].

**IT IS FURTHER ORDERED** that the Clerk of the Court must **AMEND** the case caption to name Brandon Spezia, Thomas Bartoli, Semin Ibranovic, Jonathan Dominka, and Ryan Staetler as Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Addendum [17] is a first amended complaint that is considered **FILED** April 15, 2021.

**IT IS FURTHER ORDERED** that the time to **SERVE** the first amended complaint will restart on the date this order issues.

**IT IS FURTHER ORDERED** that the Marshals Service must **PROMPTLY SERVE ECF 1, ECF 17, and a copy of This Order** on Defendants Brandon Spezia, Thomas Bartoli, Semin Ibranovic, and Jonathan Dominka at the addresses listed in ECF 13.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: April 26, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 26, 2023, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager